780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
HAROLD TED DRIVER, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA Defendant-Appellee.
 84-1548
 United States Court of Appeals, Sixth Circuit.
 11/11/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This matter is before the Court on the motion of the appellee to dismiss this appeal from the district court order denying appellant's motion to vacate or set aside his sentence. Appellant has responded in opposition thereto. This case has been referred to this panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the motion to dismiss, the response thereto, the briefs and the record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In February, 1981, appellant was indicted on a charge of theft in Howard County, Indiana. The indictment was amended to include a charge of habitual criminal which was based in part on a 1975 federal conviction entered pursuant to a plea of guilty to escape from the custody of the Attorney General in violation of 18 U.S.C. Secs. 751 and 4082. Appellant was found guilty on the charges of theft and habitual criminal and was sentenced to a total of 34 years. A direct appeal was prosecuted from that judgment of commitment in the Indiana state court.
 
 
 3
 Appellant filed a motion to vacate or set aside his 1975 sentence pursuant to 28 U.S.C. Sec. 2255. His attack on the 1975 federal escape conviction was based on his contention that the guilty plea was not voluntarily and intelligently made because he thought that he was pleading guilty to a misdemeanor, that the conviction resulting from the plea would not be part of his permanent record and that the attorney who represented him during the plea and sentencing proceedings rendered ineffective assistance. The matter was referred to a magistrate who determined that the plea was voluntarily and intelligently made and consequently concluded that the sentence imposed on the escape conviction should not be set aside or vacated. The district court adopted the magistrate's report and recommendation that the motion to vacate the 1975 escape conviction be denied.
 
 
 4
 Appellant prosecuted this appeal from the order denying his motion to vacate sentence; during the pendency of this appeal, the Indiana Supreme Court reversed and remanded the judgment on the habitual criminal charge and on remand, the indictment on that charge was dismissed. Appellant has been released on that charge, and appellee has filed a motion to dismiss this appeal based on the assertion that appellant's release renders this appeal moot.
 
 
 5
 For the reasons set forth in the district court order adopting the magistrate's report and recommendation, we conclude that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 6
 Therefore it is ORDERED that appellee's motion to dismiss be and hereby is denied and that the order of the district court denying appellant's motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255 is hereby affirmed.